IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**CHARLESTON DIVISION**

KELLY ROSS,

                    Plaintiff,

v.                                             CIVIL ACTION NO.   2:26-cv-00232

JOY CAMPANELLI, et al.,

                    Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Kelly Ross's ("Plaintiff") Complaint.   (ECF No. 2.) By Standing Order entered in this case on March 30, 2026, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R").   Magistrate Judge Tinsley filed his PF&R on March 31, 2026, recommending that this Court dismiss this matter and deny Plaintiff's Application to Proceed Without Prepayment of Fees and Costs.   (ECF No. 4.)

This Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.   *Thomas v. Arn*, 474 U.S. 140, 150 (1985).   Failure to file timely objections constitutes a waiver of *de novo* review.     28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).     In addition, this Court need not conduct a *de novo* review when a party "makes general

and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Objections to the PF&R were due on April 17, 2026.   (ECF No. 4.)   To date, Plaintiff has failed to submit any objection in response to the PF&R, thus constituting a waiver of *de novo* review and Plaintiff's right to appeal this Court's order.[1]

Accordingly, the Court **ADOPTS** the PF&R, (ECF No. 4), and **DISMISSES** this action **WITHOUT PREJUDICE** for, *inter alia*, lack of subject matter jurisdiction, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.   Additionally, Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), is **DENIED**.   The Court further **DIRECTS** the Clerk to remove this matter from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        July 9, 2026

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that the copy of the PF&R that was mailed to Plaintiff at the address on record was returned as undeliverable. (ECF No. 6.)  However, per Rule 83.5 of the Local Rules of Civil Procedure, Plaintiff—as a *pro se* party—"must advise the clerk promptly of any changes in name, address, or telephone number." The fact that the PF&R mailed to Plaintiff was returned as undeliverable due to Plaintiff's failure to maintain her current address with the clerk does not impact the Court's review and analysis of the PF&R and does not provide Plaintiff with an avenue to object to the PF&R after the April 17, 2026 deadline.